# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO.

| | |
|---|---|
| CAMILA VICARIO, | ) |
| individually and on behalf of all others | ) |
| similarly situated, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DISNEY STORE USA, LLC | ) |
| | ) |
|         Defendant. | ) |

### NOTICE OF REMOVAL OF CIVIL ACTION
### FROM STATE COURT TO FEDERAL COURT

PLEASE TAKE NOTICE THAT Defendant Disney Store USA, LLC ("Disney" or "Defendant") hereby removes this matter, currently pending as Case Number 2021-003655-CA-01 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

### Claims Asserted in Class Action Complaint

1.      On or about February 15, 2021, Plaintiff Camila Vicario ("Plaintiff") filed a "Class Action Complaint" captioned *Camila Vicario v. Disney Store USA, LLC* (the "Complaint") in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3.      Plaintiff's Complaint alleges a single cause of action under the Florida Security of Communications Act, Fla. Stat. Ann. § 934.01 *et seq.* ("FSCA") relating to Defendant's website

located at www.shopdisney.com (the "Website"). Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff's Complaint and proof of service thereof on Disney.

4. In addition to her individual claim, Plaintiff seeks to represent a class of:

> All persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent.

Complaint ¶ 20.

## Compliance with Statutory Requirements

5. Plaintiff served Disney with the Complaint on February 23, 2021. Disney's removal of this action is timely because Disney is removing this matter within 30 days of service. *See* 28 U.S.C. § 1446(b).

6. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the "Class Action Complaint," served on Disney on February 23, 2021, is attached hereto as **Exhibit A**. Disney has not served nor has it been served with any other process, pleadings, or orders in this action. A copy of the docket from the state court proceedings is attached hereto as **Exhibit B**.

7. Pursuant to 28 U.S.C. § 1446(d), Disney will promptly provide written notice of removal of the action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Miami-Dade County Circuit Court.

## Jurisdiction: Class Action Fairness Act

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14 ("CAFA"). Under CAFA, federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the

aggregate is" more than 100, 28 U.S.C. § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," 28 U.S.C. § 1332(d)(2). As set forth below, all CAFA requirements are satisfied in this case.

### Citizens of Separate States

9. At least one putative class member is a citizen of a different State from Disney. *See* 28 U.S.C. § 1332(d)(2)(A); Complaint ¶ 5. Plaintiff is a resident and citizen of Miami-Dade County, Florida. Complaint ¶ 5. Defendant Disney is a limited liability company incorporated in Delaware with its principal place of business in Glendale, California. Complaint ¶ 6; Declaration of Bezalel Stern, Esq., at ¶ 2 & Ex. 1.

### Number of Putative Class Members

10. The number of members of the putative class exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). In particular, Plaintiff estimates that the number of potential class members is "no less than 100 individuals." Complaint ¶ 22. While Disney does not concede liability as to the claims raised by Plaintiff in her Complaint or the propriety or breadth of the putative class alleged, this is more than 100 persons.

### Amount of Matter in Controversy

11. CAFA authorizes the removal of class actions in which the amount in controversy for all potential class members exceeds $5,000,000.00. *See* 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Here, notwithstanding Plaintiff's failure to allege the total amount of monetary relief she seeks, as pled, the total amount of damages, attorney's fees,

injunctive relief, and other monetary relief at issue in this action, on an aggregate, class-wide basis, would exceed CAFA's $5,000,000.00 jurisdictional minimum.

12. In particular, the Complaint alleges that " . . . Plaintiff and the other members of the putative Class were harmed and are each entitled to 'liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher.'" Complaint ¶ 39; Fla. Stat. Ann. § 934.10(1)(b). Assuming 101 members of a class are awarded $100 per day for the two-year statute of limitations period, that amounts to $7,373,000.00. *See* Fla. Stat. Ann. § 934.10(3) ("A civil action under this section may not be commenced later than 2 years after the date upon which the claimant first has a reasonable opportunity to discover the violation."). Plaintiff further alleges to be entitled to "reasonable attorney's fees and other litigation costs reasonably incurred." Complaint ¶ 40; Fla. Stat. Ann. § 934.10(1)(d). Thus, the Complaint places in controversy a sum greater than $5,000,000.00.

13. In alleging the amount-in-controversy for purposes of removal, Disney does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff and/or any putative class members are entitled to any of the relief sought in the Complaint, that Disney committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, that recovery of any of the amounts sought is authorized or appropriate, or that Plaintiff or the putative class are entitled to punitive damages or attorneys' fees. Nor does Disney concede that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate. Additionally, Disney does not concede that Plaintiff's class is properly defined, that Disney should or can be estopped from asserting the statute of limitation as a defense in this action or that class certification is appropriate. Finally, this Notice of Removal does not waive any objections Disney has to personal

jurisdiction, or any and all of the other claims or defenses by Disney, all of which are expressly preserved herein.

13. Accordingly, this Court has original federal question jurisdiction under CAFA. Thus, the action may be removed to this Court.

14. For the reasons set forth herein, the United States District Court for the Southern District of Florida is the appropriate court for filing a Notice of Removal from the Circuit Court of Miami-Dade, Florida, and accordingly, Disney seeks to remove the case to this Court.

15. Disney has complied with all applicable requirements of 28 U.S.C. § 1446, and will file a true and correct copy of this Notice of Removal with the state court. Disney is also providing Plaintiff with a copy of this Notice of Removal.

WHEREFORE, Disney serves notice that this case is removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where it was pending, to this Court, for the exercise of jurisdiction over this action as though this case had been originally instituted in this Court.

WHEREFORE, the above-titled action is hereby removed to this Court from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

March 25, 2021    Respectfully submitted,

By */s/ Bezalel A. Stern*
Bezalel Stern, Esq. (FBN: 110447)
bstern@kelleydrye.com
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8422
Facsimile: (202) 342-8451

*Counsel for Defendant Disney Store USA, LLC*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT was served by first class mail, postage prepaid on March 25, 2021 on all counsel or parties of record on the Service List below.

By */s/ Bezalel A. Stern*
Bezalel Stern

## SERVICE LIST
*Vicario v. Disney Store USA, LLC,*
**Case No.**

*Via First Class Mail*

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915

Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
EDELSBERG LAW, PA
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

Manuel Hiraldo, Esq.
Florida Bar No. 030380
MHiraldo@Hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*