# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 21-CV-21134-UU

| | |
|---|---|
| **CAMILA VICARIO,** | ) |
| **individually and on behalf of all others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **DISNEY STORE USA, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT DISNEY STORE USA, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ACCOMPANYING MEMORANDUM

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

PLAINTIFF'S COMPLAINT AND RELEVANT PROCEDURAL HISTORY .......................... 2

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT DISNEY STORE
    INTERCEPTED THE CONTENTS OF AN ELECTRONIC
    COMMUNICATION IN VIOLATION OF THE FSCA ................................................... 4

    I.     To State a Claim Under the FSCA, a Plaintiff Must Allege that the
           Defendant Intercepted the Contents of a Communication ..................................... 4

    II.    Plaintiff Fails to Allege the Capture of the "Contents" of a
           Communication Under the FSCA ........................................................................... 6

    III.   Plaintiff's Complaint Fails to Allege a Valid "Interception" Under the
           FSCA ........................................................................................................................ 9

CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abu v. Dickson*,
  No. 20-10747, 2021 WL 1087442 (E.D. Mich. Mar. 22, 2021) ............................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3

*Campbell v. Facebook, Inc.*,
  951 F.3d 1106 (9th Cir. 2020) .............................................................................................11

*In re Carrier IQ, Inc.*,
  78 F. Supp. 3d 1051 (N.D. Cal. 2015) .................................................................................12

*Commonwealth v. Cruttenden*,
  58 A.3d 95 (Pa. 2012) ..........................................................................................................13

*Figueroa v. State*,
  870 So. 2d 897 (Fla. 5th DCA 2004) .................................................................................6, 9

*Fraser v. Nationwide Mut. Ins. Co.*,
  352 F.3d 107 (3d Cir. 2003), *as amended* (Jan. 20, 2004)......................................................12

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
  806 F.3d 125 (3d Cir. 2015)..................................................................................................13

*In re Google Inc. Gmail Litig.*,
  No. 13-MD-02430, 2013 WL 5423918 (N.D. Cal. Sep. 26, 2013) .......................................11

*Klumb v. Goan*,
  No. 2:09-cv-115, 2011 WL 13309057 (E.D. Tenn. Jan. 26, 2011) ...................................8, 12

*Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*,
  No. 20-24684-CIV, 2021 WL 799448 (S.D. Fla. Mar. 2, 2021) .........................................6, 7

*Minotty v. Baudo*,
  42 So. 3d 824 (Fla. 4th DCA 2010) .....................................................................4, 7, 10, 12

*O'Brien v. O'Brien*,
  899 So. 2d 1133 (Fla. 5th DCA 2005) ................................................................4, 10, 11, 12

*Shevin v. Sunbeam Television Corp.*,
   351 So. 2d 723 (Fla. 1977)..................................................................................................4

*Smith v. Maryland*,
   442 U.S. 735 (1979)..........................................................................................................7

*Southeast Laborers Health and Welfare Fund v. Bayer Corp.*,
   655 F. Supp. 2d 1270 (S.D. Fla. 2009) .............................................................................3

*State v. Jackson*,
   650 So. 2d 24 (Fla. 1995)............................................................................................7, 11

*State v. Tsavaris*,
   394 So. 2d 418 (Fla. 1981)..............................................................................................13

*State v. Walls*,
   356 So. 2d 294 (Fla. 1978)..............................................................................................13

*Sunbelt Rentals, Inc. v. Victor*,
   43 F. Supp. 3d 1026 (N.D. Cal. 2014) ...........................................................................7, 8

*United States v. Barrington*,
   648 F.3d 1178 (11th Cir. 2011) ..........................................................................8, 11, 12

*United States v. Councilman*,
   373 F.3d 197 (1st Cir. 2004).............................................................................................5

*United States v. Steiger*,
   318 F.3d 1039 (11th Cir. 2003), *cert. denied*, 538 U.S. 1051 (2003)................................10, 12

**Statutes**

Electronic Communications Privacy Act of 1986 ......................................................................5, 12

Federal Wiretap Act, 18 U.S.C. section 2510 *et seq*................................................................ *passim*

Florida Security of Communications Act, Fla. Stat § 934.01, *et seq*...................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 3, 14

Defendant, Disney Store USA, LLC ("Disney Store") respectfully submits this Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Disney Store states as follows:

## PRELIMINARY STATEMENT

Plaintiff's Complaint against Disney Store is one of more than two dozen lawsuits filed by Plaintiff's counsel, without merit, seeking to criminalize, under the Florida Security of Communications Act ("FSCA"), the commonplace use of analytic and optimization tools that facilitate the efficient operation of websites.[1] Plaintiff alleges that Disney Store—like the other businesses targeted by Plaintiff and her counsel—used an unidentified website analytics or optimization tool (a script embedded in its website) to understand and improve its website's functionality. She claims that Disney Store's use of such a tool violated Section 934.03 of the FSCA by purportedly "recording" her mouse clicks, movements, information she supplied, pages and content she viewed, and the time, date, and location of her visit, when she visited Disney Store's consumer-facing shopping website www.shopdisney.com (the "Website") in or about September 2020. *See* Compl. ¶¶ 12, 14.[2] This claim fails as a matter of law.

Indeed, even if Plaintiff's allegations were true, she still does not allege a colorable FSCA cause of action. As relevant here, the FSCA is narrowly drafted to prohibit only the

---

[1] Plaintiff herself filed at least three nearly-identical complaints raising these allegations over the course of two court days. The instant action was originally filed on Monday, March 15, 2021 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County. On the preceding Court day, March 12, 2021, Plaintiff filed *Vicario v. The Neiman Marcus Group LLC*, Case No. 132021CA003529000001, currently pending before this Court as Case No. 1:21-cv-21065, and *Vicario v. Puma N. Am., Inc.,* Case No. 132021CA003535000001 in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County.

[2] For purposes of this motion, Disney Store has assumed the truth of the allegations concerning Disney Store USA, LLC's ownership and/or operation of the Website. While beyond the scope of this motion, that allegation is false and if the case proceeds, Disney Store hopes to facilitate substitution of the proper entity that owns and operates the Website.

"intercept[ion]" of the "contents" of any "wire, oral, or electronic communication." To state a valid claim, Plaintiff must allege both that: (1) the "contents" of her electronic communication were captured, and (2) Disney Store "intercepted" that electronic communication in transit. Plaintiff has not plausibly alleged facts to support either of these required elements and, for this reason, her Complaint must be dismissed.

## PLAINTIFF'S COMPLAINT AND RELEVANT PROCEDURAL HISTORY

On or about February 15, 2021, Plaintiff filed a one-count Class Action Complaint against Disney Store in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. Compl., ECF No. 1-2. That Complaint was served on Disney Store on February 23, 2021, and Disney Store timely removed this action on March 25, 2021. Notice of Removal, ECF No. 1.

Plaintiff alleges that she visited Disney Store's Website, www.shopdisney.com, on a single occasion "on or about September 2020." Compl. ¶ 12. She alleges "upon information and belief" that Disney Store "utilized tracking, recording and/or 'session replay' software to contemporaneously intercept Plaintiff's use and interaction with the website, including mouse clicks and movements, information inputted by Plaintiff, and/or pages and content viewed, by Plaintiff. Defendant also recorded Plaintiff's location during the visits, as well as the time and dates of each visit." *Id.* ¶ 14.[3] Plaintiff does not provide any factual basis to support her allegation. Specifically, she does not identify any software allegedly used to record her visit, does not identify any information that she provided during her visit to the Website, does not identify any

---

[3] Plaintiff's use of the word "tracking" in this context is, at best, misleading. Under the FSCA, a "tracking" application or device has a specifically defined meaning. Florida Statute Section 934.425(1)(b) explains that a "tracking application" "means any software program whose primary purpose is to track or identify the location or movement of an individual." That is not what Plaintiff alleges occurred here. *See* Compl. ¶ 14.

communication that was allegedly captured, and does not identify the pages or content she actually viewed.

Based on these allegations, Plaintiff asserts a single count for violation of the FSCA on behalf of herself and a putative class of "[a]ll persons residing within the State of Florida (1) who visited Defendant's website and (2) whose electronic communications were intercepted by Defendant or on Defendant's behalf (3) without their prior consent." *Id.* ¶ 20. Plaintiff seeks "liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher." *Id.* ¶ 39 (quoting Fla. Stat. § 934.10(b)).

Pursuant to the Court's Order extending Disney Store's time to respond to the Complaint, ECF No. 10, Disney Store now brings this timely motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

Rule 12(b)(6) requires dismissal where a complaint fails to allege sufficient facts "to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and presents nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "formulaic recitation of the elements of a cause of action will not do." *Id.* On a Rule 12(b)(6) motion, the Court must "view the complaint in the light most favorable to the plaintiff and take its well-pled factual allegations as true." *Southeast Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F. Supp. 2d 1270, 1274 (S.D. Fla. 2009). A complaint, must be dismissed, however, when it does not contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quotation omitted).

Plaintiff's Complaint fails to set forth sufficient factual allegations that, if proven, could sustain a claim under the FSCA and therefore should be dismissed.

## ARGUMENT

## PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT DISNEY STORE INTERCEPTED THE CONTENTS OF AN ELECTRONIC COMMUNICATION IN VIOLATION OF THE FSCA

### I.   To State a Claim Under the FSCA, a Plaintiff Must Allege that the Defendant Intercepted the Contents of a Communication

The Florida legislature enacted the FSCA to protect against illegal and unauthorized wiretapping. "The purpose of the Act is to protect every person's right to privacy and to prevent the pernicious effect on all citizens who would otherwise feel insecure from intrusion into their private conversations and communications." *O'Brien v. O'Brien*, 899 So. 2d 1133, 1135 (Fla. 5th DCA 2005); *see also Shevin v. Sunbeam Television Corp.*, 351 So. 2d 723, 726-27 (Fla. 1977). As the FSCA was modeled after the Federal Wiretap Act, Florida courts follow decisions interpreting the Wiretap Act in interpreting the FSCA. *Minotty v. Baudo*, 42 So. 3d 824, 831 (Fla. 4th DCA 2010); *O'Brien v*, 899 So. 2d at 1135-36.

To Disney Store's knowledge, the FSCA has never been successfully co-opted to impose liability on a website's owner or operator in the manner proposed by the Complaint. There is good reason for that. The FSCA was never intended to regulate the purported capture of information as alleged in Plaintiff's Complaint. Rather, the statute was designed to address the illicit interception and recording of telephone calls.[4]  While electronic communications were subsequently

---

[4]   Originally drafted in 1969, the FSCA included only oral and wire communications. The statute was amended to include "electronic communications" in 1988. The FSCA "was modeled after the Federal Wiretap Act, 18 U.S.C. section 2510 *et seq.,* as amended by the Electronic Communications Privacy Act of 1986." *Minotty*, 42 So. 3d at 831. As the FSCA was created in order to prevent unauthorized wiretapping, its Legislative Findings focus on an intent to restrict the aural interception of oral communications. *Se*e Fla. Stat. § 934.01(2) (restricting "the

4

incorporated into both the FSCA and the Wiretap Act, "the language of the [federal] statute makes clear that Congress meant to give lesser protection to electronic communications than wire and oral communications." *United States v. Councilman*, 373 F.3d 197, 203-04 (1st Cir. 2004) (rehearing *en banc* granted and opinion withdrawn on other grounds). And, given the technical reality that very few electronic communications are susceptible to an in-transit interception (which the Wiretap Act and the FSCA govern)—as opposed to being taken from electronic storage (which is outside the scope of the Wiretap Act and the FSCA)—courts recognize that "much of the protection [afforded to electronic communications] may have been eviscerated by the realities of modern technology." *Id.* The core requirements concerning intercepting the contents of a conversation remain critical elements of the FSCA.

Indeed, to state a claim under the FSCA, Plaintiff must plausibly allege that Disney Store "[i]ntentionally intercept[ed]" a "wire, oral, or electronic communication," as those terms are defined by the statute. Fla. Stat. § 934.03(1)(a); *see also* Fla. Stat. § 934.03(1)(d). The FSCA does not restrict the interception of all aspects of communications, but only the "contents" of communications. The FSCA defines "intercept" as "the aural or other acquisition of the *contents* of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Fla. Stat. § 934.02(3)(emphasis added). The FSCA defines "contents" as including "any information concerning the substance, purport, or meaning of that communication." Fla. Stat. § 934.02(7).

As discussed fully below, Plaintiff's allegations here do not set forth either the capture of the "contents" or an "interception" of an electronic communication as those terms are defined

---

interception of wire and oral communications"); *see also* Fla. Stat. § 934.02(1) (defining "wire communication" as "any aural transfer. . . .").

under the FSCA.  As a result, Plaintiff's Complaint must be dismissed.

**II.     Plaintiff Fails to Allege the Capture of the "Contents" of a Communication Under the FSCA**

Plaintiff's Complaint must be dismissed because it fails to allege that the "contents" of a communication were captured by Disney Store.  As a threshold matter, Plaintiff's allegations concerning the contents allegedly captured by Disney Store fail because they are made solely "upon information and belief" without any factual basis.  *See* Compl. ¶ 14.  That is insufficient to state a valid claim.  This Court has confirmed that "conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the plausibility standard."  *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, No. 20-24684-CIV, 2021 WL 799448, at *5 (S.D. Fla. Mar. 2, 2021) (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)).  Because Plaintiff's insufficient allegation stands as the sole assertion of allegedly improper conduct, Plaintiff's Complaint should be dismissed on that basis alone.

Further, courts have confirmed that the term "contents" has specific limitations.  In *Figueroa v. State,* the Fifth District Court of Appeal affirmed that information sought by a subpoena was not part of that "contents" of a communication.  870 So. 2d 897, 899-900 (Fla. 5th DCA 2004).  Specifically, the Court considered information about a telephone subscriber ("name, address, telephone number, type of service and other similar information") as well as a call log showing "the numbers dialed from and received by a particular cell phone." *Id.*  The Court held that all such data is ancillary to the substantive conversation itself and therefore included "no messages or quanta of information" protected by the FSCA.  *Id.* at 900.  *See also, e.g., Smith v. Maryland,* 442 U.S. 735, 745-46 (1979) (confirming that information obtained through use of a

"pen register" recording the numbers dialed by a telephone subscriber are not protected by the Fourth Amendment). In contrast to the information automatically captured by a telephone system, the Florida Supreme Court has confirmed that substantive information (including coded messages and callback numbers) dialed into a phone and sent to a party via pager as a message fits within the definition of "contents" as defined by the FSCA. *State v. Jackson,* 650 So. 2d 24, 28 (Fla. 1995). Thus, even if accepted as true, the four categories of information Plaintiff alleges to be at issue in this case do not qualify as "contents" of any electronic communication under the FSCA.

First, the Complaint references "Plaintiff's use and interaction with the website, including mouse clicks and movements." Compl. ¶ 14. On this point, the Court's decision in *Minotty* is instructive. 42 So. 3d at 824. There, the Fourth District Court of Appeal found that the FSCA does not apply to silent video surveillance. *Id.* The court explained that the defendant's "physical conduct recorded on silent videotapes does not convey the *substance* of a particular communication." *Id.* at 830. Just as a recording of someone's physical movement does not capture "content," neither do allegations concerning Plaintiff's alleged online "mouse clicks and movements" or "use and interaction with the website." Compl. ¶ 14.

Second, Plaintiff alleges that Disney Store intercepted "information inputted by Plaintiff." Compl. ¶ 14. Plaintiff offers no factual allegations concerning such information, or whether it constituted the contents of a communication. *See Magnum Constr. Mgmt., LLC*, 2021 WL 799448, at *5. Similarly vague allegations of information have previously been found insufficient to state a valid claim. In *Sunbelt Rentals, Inc. v. Victor*, the court dismissed a prior employee's counterclaim under the Wiretap Act based on the plaintiff's alleged review of "private electronic data and electronic communications" as "fact-barren and vague allegations" that were insufficient to support a claim. 43 F. Supp. 3d 1026, 1033 (N.D. Cal. 2014). The Court went on to observe

7

that the former employee had not stated a valid claim under the Wiretap Act based on alleged review of information (including text messages) by his former employer on the company-owned smartphone it had previously issued the employee because "there is no legally protected privacy interest and reasonable expectation of privacy in electronic messages, in general.  Rather, a privacy interest can exist, if at all, only with respect to the *content* of those communications."  *Id.* at 1035 (citations and quotations omitted).  Plaintiff's unsupported statement concerning "information inputted" is not sufficient to state a valid allegation that "contents" under the FSCA are implicated.[5]

Third, Plaintiff alleges the capture of "pages and content viewed by Plaintiff."  Compl. ¶ 14.  Even if the Court assumes Disney Store monitored the pages and content viewed by its customers on its public-facing Website, that is not only expected by a reasonable, modern consumer, but actually serves to assist with ensuring the smooth operation of the Website for Plaintiff and other consumers.  Significantly, however, Plaintiff does not, because she cannot, explain how the Website's "pages and content viewed by Plaintiff" would qualify as the "content" of a communication under the FSCA to which Plaintiff could assert protection.

Fourth, and finally, Plaintiff alleges that Disney Store "recorded Plaintiff's location during the visits, as well as the time and dates of each visit."  Compl. ¶ 14.  Plaintiff fails to allege how the capture of such information would constitute the content of a communication.  And no such allegation can be made because information concerning the time and place of a communication is, by definition, not the contents of the communication itself.  Such information is more akin to the subscriber and call log information that was found to be beyond the definition of "contents" in

---

[5] Further, as discussed below, it is inconsistent with the FSCA (and basic logic) to argue that Disney Store has liability for the capture of information that Plaintiff voluntarily "inputted by Plaintiff" for delivery to Disney Store.  Where other Courts have examined "keylogging software" that records such information input by individuals, they have found no violation of the federal Wiretap Act.  *See, e.g., United States v. Barrington*, 648 F.3d 1178, 1184 (11th Cir. 2011); *Klumb v. Goan*, No. 2:09-cv-115, 2011 WL 13309057, at *6 (E.D. Tenn. Jan. 26, 2011).

8

*Figueroa.* 870 So. 2d at 899-900. While the "contents" covered by wiretapping statutes include user-to-user emails, text messages, and other similar activity analogous to a written telephone conversation, that is not what Plaintiff has alleged here. Even if assumed to be true, the capture of information such as the time, date, and location from which a communication is made falls outside the definition of "contents" of communications covered by the FSCA.

Because Plaintiff's Complaint fails to allege capture of the "contents" of a communication under the FSCA, she fails to state a valid claim. As such, the Complaint must be dismissed.

### III.     Plaintiff's Complaint Fails to Allege a Valid "Interception" Under the FSCA

Even if the Court assumes that Plaintiff alleged the capture of the contents of an electronic communication, Plaintiff's Complaint must still be dismissed, for the independent reason that the Complaint fails to allege a valid interception by Disney Store. Specifically, Plaintiff fails to allege that any communication was captured while in "flight." Without a valid allegation of interception, Plaintiff has not stated a claim for relief under the FSCA.

Although the FSCA's definition of communication was expanded beyond the oral and auditory to include "electronic communications," the Act's requirement that there be an interception of a communication between two parties has never been modified. By its plain language, Section 934.02(12) defines "electronic communication" as "any *transfer* of signs, signals, writing, images, sounds, data, or intelligence of any nature *transmitted* in whole or in part by a wire, radio, electromagnetic, photoelectronic, or photooptical system that affects intrastate, interstate, or foreign commerce . . . ." (emphasis added). That is the language upon which Plaintiff relies. *See* Compl. ¶ 34. But Plaintiff's Complaint does not allege the capture of information during a "transfer." *See* Compl. *passim.* As such, her claim must fail.

"[F]ederal courts have consistently held that electronic communications, in order to be intercepted, must be acquired contemporaneously with transmission and that electronic

9

communications are not intercepted . . . if they are retrieved from storage." *O'Brien,* 899 So. 2d at 1136.[6] Consistent with that proposition, the Eleventh Circuit Court of Appeals has confirmed "that a contemporaneous interception—i.e., an acquisition during 'flight'—is required to implicate the Wiretap Act with respect to electronic communications." *United States v. Steiger,* 318 F.3d 1039, 1048-49 (11th Cir. 2003), *cert. denied*, 538 U.S. 1051 (2003). In *Steiger,* a criminal defendant alleged that incriminating documents obtained by remotely "hacking" into his computer's hard drive must be suppressed because the information was "intercepted" in violation of the Wiretap Act. *Id.* at 1044. The Court rejected that argument holding that the files were not seized while in transit; thus, the conduct failed to qualify as an interception. *Id.* at 1048-49. The Eleventh Circuit adopted a "narrow reading of the Wiretap Act" and confirmed that "very few seizures of electronic communications from computers will constitute 'interceptions.'" *Id.* at 1050. The same narrow reading and limited application applies to the FSCA.

The one case to have applied the FSCA to online activity involved materially different circumstances from those Plaintiff alleges here, and demonstrates the inapplicability of the FSCA to the conduct alleged in the Complaint. In *O'Brien v. O'Brien*, there was no question that the emails and instant messages at issue involved the capture of the "contents" of written communications. 899 So. 2d 1133 (Fla. 5th DCA 2005). It was undisputed that the defendant installed software on the plaintiff's computer, and that the software "intercepted and copied the electronic communications as they were transmitted." *Id.* at 1136. Based on those facts, the court confirmed that the capture of the plaintiff's person-to-person messages by a third-party software

---

[6] The *O'Brien* Court looked to precedent decided under the federal Wiretap Act for guidance because it "found no precedent rendered by the Florida courts" that considered the relevant question presented in that case and "in light of the fact that the [FSCA] was modeled after the Federal Wiretap Act." 899 So. 2d at 1135-36; *see also Minotty,* 42 So. 3d at 831 ("Florida follows federal courts as to the meaning of provisions after which Chapter 934 was modeled.").

application while the messages between the conversation participants were in transit violated the FSCA. *Id.* That ruling is proper. An electronic communication (a text message) was intercepted by the defendant while in transit between the plaintiff and a third party.[7] In *Jackson,* the court evaluated the scope of the FSCA by citing legislative history for the Wiretap Act that identified specific examples of "electronic communications" as "electronic mail, digitized transmissions, and video teleconferences." 636 So. 2d at 1375. None of that is at issue in this case.

The user-to-user communications in *O'Brien* are similar to what other courts have found qualifies for similar protection. For example, in *Campbell v. Facebook, Inc.,* the defendant "intercepted, catalogued, and used without consent URLs [the plaintiffs] had shared in private messages" sent to other private individuals. 951 F.3d 1106, 1119 (9th Cir. 2020). And in *In re Google Inc. Gmail Litigation*, the plaintiffs alleged interception of content from email messages between individual users. No. 13-MD-02430, 2013 WL 5423918, at *1 (N.D. Cal. Sep. 26, 2013). *See also Abu v. Dickson,* No. 20-10747, 2021 WL 1087442, at *8 (E.D. Mich. Mar. 22, 2021) ("The Federal Wiretap Act prohibits the interception of electronic communications *such as email*.") (emphasis added).

When given the opportunity to review software similar to that alleged to be at issue in this case (and conduct alleged to be much more egregious than the vague conduct Plaintiff alleges here), the Eleventh Circuit rejected the applicability of the Wiretap Act because no "interception" was alleged. *United States v. Barrington*, 648 F.3d 1178, 1202-03 (11th Cir. 2011). In *Barrington,* the defendant (a university undergraduate) had installed "keylogger software" that "covertly recorded the keystrokes made by [university] employees as they signed onto their computers,

---

[7]  Plaintiff cites *O'Brien* in her Complaint (at ¶ 2) despite the material differences between the facts at issue in that case and what is alleged here.

capturing their usernames and passwords." *Id.* at 1184. The Court confirmed that "use of a keylogger will not violate the Wiretap Act if the signal or information captured from the keystrokes is not at that time being transmitted beyond the computer on which the keylogger is installed (or being otherwise transmitted by a system that affects interstate commerce)." *Id.* at 1202. Because the government did not allege, and could not demonstrate, that the software could capture information transmitted beyond the user's computer, it was not covered by the Wiretap Act. *Id.* at 1203; *see also Klumb v. Goan*, No. 2:09-cv-115, 2011 WL 13309057, at *4 (E.D. Tenn. Jan. 26, 2011) (dismissing plaintiff's Wiretap Act claim because the program's "keylogging function [that] records all keys typed on the keyboard . . . does not use the transmission of any form of electronic communication over the internet to make such records…."). Such "keylogger" software is similar to the "tracking, recording and/or 'session replay' software" that Plaintiff has alleged is at issue here. *See, e.g.,* Compl. ¶ 14. As in *Barrington* and *Klumb,* Plaintiff has failed to allege an interception.

The courts in *Steiger*, *Minotty*, and *O'Brien* all drew an important distinction between the *capture* of electronic information and the *interception* of an electronic communication. The *O'Brien* Court specifically distinguished Ms. O'Brien's capture of the user-to-user conversations of her husband from the scenario where someone accesses a user's computer to obtain information or documents stored on the hard drive. *O'Brien*, 899 So. 2d at 1136 (*citing Steiger*, 318 F.3d at 1039). Plaintiff here has alleged nothing more than, at best, a "capture" of electronic information. Plaintiff's allegation, therefore, does not meet the standard required for an "in flight" interception.[8]

---

[8] As in *Steiger*, courts in other jurisdictions have required interception "contemporaneous[] with transmission" to state a valid claim under the Federal Wiretap Act. *See Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 (3d Cir. 2003), *as amended* (Jan. 20, 2004) ("Every circuit court to have considered the matter has held that an 'intercept' under the ECPA must occur contemporaneously with transmission."). *See also In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1076 (N.D. Cal. 2015).

Finally, Plaintiff's Complaint does not, because it cannot, explain how a voluntary visit to the public-facing Website to browse products for purchase was anything other than an effort to communicate information to Disney Store. At most, Plaintiff alleges that Disney Store collected information about her visit to the Website that was voluntarily and purposefully provided by Plaintiff herself to Disney Store.[9] Where Disney Store received that information as the intended recipient, it cannot be found liable for illegally intercepting those alleged communications. *See In re Google Inc. Cookie Placement Consumer Privacy Litig.,* 806 F.3d 125, 142-43, 152 (3d Cir. 2015) ("Because the defendants were the intended recipients of the transmissions at issue . . . the defendants have done nothing unlawful under the Wiretap Act."); *see also Commonwealth v. Cruttenden*, 58 A.3d 95, 129-35 (Pa. 2012) (confirming that under the federal Wiretap Act, an individual's voluntary election to communicate with a person means there was no "interception"). Such an approach makes sense. By analogy, in football or soccer, a receiver does not "intercept" a pass intended for his or her own receipt; rather, only a third party can accomplish that task. There is no third party interception alleged here. Because Disney Store would be the intended recipient of any electronic communication Plaintiff had with the Website, the Complaint fails to set forth a valid allegation of interception.

---

[9] Disney Store concedes that a party to an *oral* conversation may intercept that conversation under the FSCA. *State v. Tsavaris*, 394 So. 2d 418, 421 (Fla. 1981) (receded from on other grounds). That policy exception was carved out of the statute by the Florida legislature, and provides an exception to the general rule that a third party is required to "intercept" a "communication." However, by its terms, that policy only applies to oral conversations. *See, e.g., State v. Walls*, 356 So. 2d 294, 296 (Fla. 1978) ("[T]he Legislature has determined as a matter of state public policy that the right of any caller to the privacy of his conversation is of greater societal value than the interest served by permitting eavesdropping or wiretapping."). Florida's limited policy exception to the general rule that a third party is not required for "interceptions" does not apply to electronic communications. Put differently, an electronic communication cannot be intercepted by an intended participant in that communication in the same way that an oral communication could be intercepted by a participant.

13

Plaintiff has failed to plausibly allege that the contents of her electronic communications to Disney Store were "intercepted" by Disney Store; thus, the Complaint must be dismissed.

## CONCLUSION

For the forgoing reasons, Defendant Disney Store respectfully requests that the Court dismiss Plaintiff's one-count Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a valid claim upon which relief can be granted.[10]

April 8, 2021

Respectfully submitted,

By */s/ Bezalel A. Stern*

Bezalel Stern, Esq. (FBN: 110447)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8422
Facsimile: (202) 342-8451
bstern@kelleydrye.com

Lauri A. Mazzuchetti (admitted *pro hac vice*)
Paul A. Rosenthal (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, NJ 07054
Tel.: (973) 503-5900
lmazzuchetti@kelleydrye.com
paulrosenthal@kelleydrye.com

*Counsel for Defendant Disney Store USA, LLC*

---

[10] If the Court finds that Plaintiff's Complaint sets forth a valid claim upon which relief could be based, Disney Store respectfully requests that before this case proceed into full-blown discovery Plaintiff be compelled to amend the Complaint to identify the "tracking, recording, and/or 'session replay' software" alleged to be at issue. Plaintiff's failure to provide notice of the source of her claims is a fundamental, threshold shortcoming in the Complaint that hamstrings Disney Store from substantively proceeding with its defense on the merits.

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document consists of 4,577 words, according to the word-processing system used to prepare the document, including headings, footnotes, and quotations and excluding the sections enumerate by the Order, ECF No. 6. The foregoing document therefore complies with the Order, ECF No. 6.

By */s/ Bezalel A. Stern*
Bezalel A. Stern

**CERTIFICATE OF SERVICE**

I certify that on April 8, 2021, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document was served on all counsel of record in the service list below, either via transmission of Notice of Electronic Filing generated by CM/ECF, or via other means if required.

By */s/ Bezalel A. Stern*
Bezalel A. Stern

## **SERVICE LIST**

*Vicario v. Disney Store USA, LLC*,

Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: (305) 479-2299
Facsimile: (786) 623-0915

Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
EDELSBERG LAW, PA
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: 305-975-3320

Manuel Hiraldo, Esq.
Florida Bar No. 030380
MHiraldo@Hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713

*Counsel for Plaintiff and Proposed Class*